UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS STALCUP,

    Plaintiff,

v.                                           Case No. 8:23-cv-885-TPB-AEP

THE FEDERAL BUREAU OF
INVESTIGATION and THE UNITED
STATES NAVY,

    Defendants.
_____/

**ORDER CONVERTING "UNITED STATES' MOTION TO DISMISS FOIA COMPLAINT INTO A MOTION FOR SUMMARY JUDGMENT**

    This matter is before the Court on "United States' Motion to Dismiss FOIA Complaint," filed on July 27, 2023. (Doc. 13). Plaintiff Thomas Stalcup, proceeding *pro se*, filed his response in opposition on July 28, 2023. (Doc. 13). After reviewing the motion, response, court file, and record, the Court finds as follows:

    Plaintiff filed this suit under the Freedom of Information Act seeking certain information related to the crash of TWA Flight 800 on July 17, 1996. "TWA Flight 800 exploded in mid-air and crashed eight miles south of Long Island, New York. Pursuant to its obligations under 49 C.F.R. § 800.3(a), the National Transportation Safety Board launched an investigation into the tragedy. The Board quickly arrived at three possible explanations for the crash: a bomb, a missile, or a mechanical failure." *Stalcup v. C.I.A.*, 768 F.3d 65, 68 (1st Cir. 2014). On August 23, 2020, the investigation "concluded that a mechanical explosion in the center wring fuel tank had caused the crash." *Id.* Plaintiff appears to be unsatisfied with this conclusion,

believing that governmental agencies are covering up the true cause of the crash – a missile strike. Plaintiff has previously initiated FOIA actions in other courts seeking various documents and/or other information.

The Government has moved to dismiss this lawsuit based on Plaintiff's failure to exhaust his administrative remedies. As part of its motion, the Government has attached several documents related to Plaintiff's FOIA requests for the Court's consideration.

Under Federal Rule of Civil Procedure 12(d), a federal court may treat a motion filed pursuant to 12(b)(6) as a motion for summary judgment to consider matters outside the pleadings. The parties must be given appropriate notice and the opportunity to present materials pertinent to the motion.

Upon review, it appears that to consider the Government's documents, the better practice is to convert the pending motion to dismiss to a motion for summary judgment. *See Thompson v. Dep't of Navy, Headquarters, U.S. Marine Corps.*, 491 F. App'x 46, 47 (11th Cir. 2012) (employing harmless error analysis after concluding that district court "seem[ed] to have erred when it considered documents attached to the Navy's motion to dismiss and failed to convert the motion into a motion for summary judgment"). The Court therefore will follow the procedures required under Fed. R. Civ. P. 12(d) and convert the motion to dismiss under Rule 12 into a motion for summary judgment under Rule 56. *See David v. American Suzuki Motor Corp., et. al.*, 629 F. Supp. 2d 1309, 1318-21 (S.D. Fla. 2009); *Dondalson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "United States' Motion to Dismiss FOIA Complaint" (Doc. 13) is hereby converted into a motion for summary judgment and will be reviewed pursuant to Rule 56 of the Federal Rules of Civil Procedure.

(2) The parties are directed to file a statement of undisputed facts, provide briefs on the merits, and provide any supplementary evidence (such as affidavits or documents) on or before August 18, 2023. The undisputed facts and briefs together should not exceed 20 pages.

(3) The parties may file responses to the opposing briefs on or before August 25, 2023. Responses should not exceed 15 pages. No replies will be permitted.

(4) The Court may grant summary judgment in favor of the Government if Plaintiff fails to file any brief or response. In addition, the Court may grant summary judgment in favor of the Government if Plaintiff fails to establish the existence of any genuine issue of fact as to the exhaustion of administrative remedies.

(5) If warranted, the Court will set a hearing to further address the motion.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of August, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**