**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS STALCUP,

      Plaintiff,

v.                                  Case No. 8:23-cv-885-TPB-AEP

THE FEDERAL BUREAU OF
INVESTIGATION and THE UNITED
STATES NAVY,

      Defendants.

_____/

**ORDER GRANTING CONVERTED MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the Federal Bureau of Investigation and the United States Navy's motion to dismiss, filed on July 27, 2023. (Doc. 13). Plaintiff Thomas Stalcup responded in opposition on July 28, 2023. (Doc. 14).

On August 4, 2023, the Court converted the motion to dismiss into a motion for summary judgment, providing appropriate notice to the parties and an opportunity to submit additional filings. (Doc. 15). On August 18, 2023, the parties submitted a joint statement of undisputed facts. (Doc. 16). Defendants submitted additional declarations to support the converted motion for summary judgment (Doc. 17), and Plaintiff filed a response in opposition containing additional documentary evidence (Doc. 18). On August 25, 2023, Defendants filed a reply. (Doc. 19). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

**Background**

Plaintiff Thomas Stalcup filed this suit under the Freedom of Information Act seeking certain information related to the crash of TWA Flight 800 on July 17, 1996.

Page 1 of 7

"TWA Flight 800 exploded in mid-air and crashed eight miles south of Long Island, New York.  Pursuant to its obligations under 49 C.F.R. § 800.3(a), the National Transportation Safety Board launched an investigation into the tragedy.  The Board quickly arrived at three possible explanations for the crash: a bomb, a missile, or a mechanical failure."  *Stalcup v. C.I.A.*, 768 F.3d 65, 68 (1st Cir. 2014).  On August 23, 2020, the investigation "concluded that a mechanical explosion in the center wing fuel tank had caused the crash."  *Id.*  Plaintiff appears to be unsatisfied with this conclusion, believing that governmental agencies are covering up the true cause of the crash – a missile strike.  Plaintiff has previously initiated FOIA actions in other courts seeking various documents and/or other information.

### *Navy FOIA Request*

On June 18, 2019, Plaintiff submitted a FOIA request to the Navy requesting seven broad categories of documents related to military exercises, operations, and tests conducted off the east coast of the United States in 1996 or 1997.  On June 28, 2019, the Navy responded, acknowledging Plaintiff's FOIA request and informing him that a response would take longer than the statutory standard 20 days.  The acknowledgement letter informed Plaintiff that he could appeal the Navy's anticipated delayed response and outlined the procedure for doing so.  On July 31, 2019, Plaintiff administratively appealed the anticipated delayed response.  That same day, the Navy granted Plaintiff's appeal, and the Naval Sea Systems Command IDA was directed to process Plaintiff's FOIA request "forthwith."

On June 8, 2022, the Naval Sea Systems Command responded to Plaintiff's FOIA request and represented that there were either no responsive documents or they

were not the custodian of the documents requested. The Navy's letter also requested Plaintiff to respond within two weeks regarding his continued interest and indicated that if it did not hear from Plaintiff, it would cease with processing and close out his request. *Plaintiff did not respond, and he did not appeal the Navy's response to his FOIA request.*

### The FBI FOIA Request

On October 3, 2019, Plaintiff sent a FOIA request to the FBI that contained eight broad categories of documents. Due to the breadth of the request, the FBI assigned two FOIA numbers to the request: Request No. 1448974-000 (Video Records) and Request No. 1448997-000.

On October 10, 2019, the FBI timely responded to the video records request, advising Plaintiff that potentially responsive records had been destroyed pursuant to the FBI's document retention policy. On the same day, the FBI also responded to the documents request, advising Plaintiff that responsive documents were available to him electronically in the FBI's electronic FOIA Library, known as the Vault.

On September 28, 2020, nearly a year later, Plaintiff attempted to "appeal" the responses to his October 3, 2019, FOIA request. However, he failed to enter the FOIA request number or describe the reason for his appeals on the submission form. The FBI acknowledged the attempted administrative appeal with a form letter. However, due to the lack of pertinent information, the FBI was unable to determine what Plaintiff was attempting to appeal and why. The FBI advised Plaintiff of the errors and requested additional information so they could reopen and process the attempted

appeal. *However, Plaintiff never responded to the FBI or took further action to clarify or perfect his attempted appeal.*

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true, and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

"Summary judgment is appropriate in declaratory judgment actions seeking a declaration of coverage when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law." *Joynt v. Star Ins. Co.*, 314 F. Supp. 3d 1233, 1237 (M.D. Fla. 2018) (citing *Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co.*, 541 F. Supp. 2d 1295, 1297 (M.D. Fla. 2008)).

<u>Analysis</u>

In this case, the Government has moved to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff has failed to file timely administrative appeals of the agencies' final determinations.  In opposition, Plaintiff mainly argues about the merits of his underlying FOIA request.

"The FOIA requires a federal agency—upon a request for records reasonably describing documents in that agency's possession—to make those documents promptly available, unless the information within he records is protected from disclosure by a statutory exemption." *Thompson v. Department of Navy, Headquarters, U.S. Marine Corps.*, 491 F. App'x 46, 48 (11th Cir. 2012) (citing 5 U.S.C. § 552a(d)(1)).  If records are improperly withheld, a plaintiff may bring a private cause of action under the FOIA to enjoin the federal agency.  *Id.*  (citing § 552a(g)(1)).

But as the Eleventh Circuit has made abundantly clear, "[t]he FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."  *Id.* (citing 30 F.3d 1365, 1367 (11th Cir. 1994)).  "The purpose of the administrative exhaustion requirement is to put the agency on notice of all issues in contention and to allow the agency an opportunity to investigate those issues." *Griffin v. Carlin*, 755 F.2d 1516, 1531 (11th Cir. 1985).  As such, before seeking judicial review, a FOIA requester must "exhaust [his] administrative remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency."  *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 820 (4th Cir. 2013).  Such appeal must be filed "within 90 calendar days of the date of the adverse determination."  7 C.F.R. § 1.9.

Upon review, the Court concludes that Plaintiff has failed to exhaust his administrative remedies by failing to appeal issues through the FOIA administrative process. As to the Navy FOIA request, although Plaintiff appealed the agency's first letter notifying him that there was an anticipated delayed response, he did not appeal the Navy's June 8, 2022, response that represented there were either no responsive documents or it was not the custodian of the documents requested. Although Plaintiff claims now that he had did not receive the letter because he relocated to Florida, that does not cure the jurisdictional issues created by Plaintiff's failure to timely file or perfect his administrative appeal. Because Plaintiff did not file a timely appeal, this claim is not properly before the Court.

As to his FBI FOIA request, although Plaintiff attempted to file an appeal, that appeal was defective. The FBI advised Plaintiff of errors and requested additional information so they could reopen and process the attempted appeal. *But Plaintiff never responded to the FBI or took further action to clarify or perfect his attempted appeal.* And although Plaintiff claims now that he had not read the email he received from the FBI because the email had been sorted into a spam folder, that again does not cure the jurisdictional issues created by Plaintiff's failure to timely file or perfect his administrative appeal. His arguments – that the FBI should have known what he was intending to appeal and his grounds for appeal – are not convincing and do not excuse Plaintiff's failure to exhaust his administrative remedies. As such, this claim is not properly before the Court.

Although Plaintiff complains that Defendants failed to timely and properly respond to both of his FOIA requests, "an administrative appeal is mandatory if the

agency cures its failure to respond within the statutory period by responding to the FOIA requests before suit is filed." *See Oglesby v. United States Department of Army*, 920 F.2d 57, 63 (D.C. Cir. 1990); *Taylor v. Appleton*, 30 F.3d 1365, 1369 (11th Cir. 1994) (adopting reasoning and holding of *Oglesby*). Because Defendants responded before Plaintiff filed this lawsuit, Plaintiff cannot just point out the amount of time that has passed since he made his requests – he is required to exhaust his administrative remedies through appeal. Under the undisputed facts, Plaintiff has neither actually nor constructively exhausted his administrative remedies. Consequently, Defendants' converted motion for summary judgment is granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Motion to Dismiss FOIA Complaint" (Doc. 13), which was converted to a motion for summary judgment, is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending deadlines and motions, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of September, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**